UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTINA MARIE BILLINGSLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00080-SEB-DML |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Granting Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Christina Billingsley for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. MCU 17-07-0042. For the reasons explained in this Entry, Ms. Billingsley's habeas petition must be **granted**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On July 6, 2017, a Conduct Report was issued charging Ms. Billingsley with attempt to engage in trafficking in violation of Code A-111. The Conduct Report states:

> I Marshall Lawson received a verbal report of a possible "drop" (contraband/Prohibited Property) from OFC Bailey on 07/06/17. OFC Bailey reported that offender Christina Billingsley #124767 was allegedly supposed to be receiving a drop over the next few days while they were out on the Madison city road crew. After receiving this information I started reviewing JPAY mail and listening to offender Christina Billingsley's #124767 phone calls. After reviewing the JPAY sent and received letters and between offender Billingsley #124767 and Joshua Gray I found several letters and listened to several phone calls discussing "drops". There are numerous JPAY letters and phone calls re[f]erring to dropping off "keys" to the "carlot." The "keys" are believed to be tobacco and the "carlot" is a certain location where the offenders can pick up the "keys". Offender Billingsley #124767 states in the letter exact locations on where Joshua Gray should drop the "keys". In a JPAY from 07/10/17 offender Billingsley #124767 is requesting Joshua Gray to make it to the "car lot" by tomorrow (Sunday), that Tuesday is July 4th and all crews will be off work. The last few JPAY letters Billingsley #124767 wrote to Joshua Gray is explaining to him that they could not work anything out for Friday 07/06/17 but she could have 150 dollars for him on Sunday. The last phone call Billingsley #1424767 made to Joshua Gray she stated she was "trying to work out something for Sunday". At the time of this report this is all the information on Christina Billingsley #124767 and Joshua Gray attempted trafficking. A preponderance of evidence suggests that Christina Billingsley #124767 is attempting to traffick with Joshua Gray.

Dkt. 7-1 at 1.

Ms. Billingsley was notified of the charge on July 10, 2017, when she received the Screening Report. She pled not guilty to the charge. She called Officer Bailey as a witness. Officer Bailey provided a written statement, which stated that she could not advise whether or not Ms. Billingsley had attempted to traffick. *See* dkt. 7-3 at 1. As physical evidence, Ms. Billingsley requested copies of the JPAY mails.

A hearing was held on July 11, 2017. Ms. Billingsley stated that her fiancé buys and sells cars at a car lot and the $150 in question was a loan that had nothing to do with trafficking. Based on the staff reports and the JPAY letters, the hearing officer found Ms. Billingsley guilty of

attempting to traffick. The sanctions imposed included a one-hundred-twenty-day earned-credit-time deprivation and a credit-class demotion.

Ms. Billingsley appealed to Facility Head and the IDOC Final Reviewing Authority, both of which were denied. She then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

Ms. Billingsley raises three claims in her habeas petition. Because the Court finds that her claim regarding the denial of a witness warrants habeas relief, the Court does not reach her other claims.

Mr. Billingsley argues that she was denied her requested witness, Officer Bailey, who among other things could have testified that Ms. Billingsley would have no way to know where the work crew would be working on a particular day, which would make it difficult to plan a "drop." Such testimony, if offered, would have strengthened Ms. Billingsley's defense.

"Inmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)). However, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002).

The respondent argues that Ms. Billingsley was not denied her requested witness since Officer Bailey submitted a written witness statement. But the respondent fails to acknowledge the contours of the right to call witnesses. The respondent's characterization of Ms. Billingsley's claim reveals this: "Billingsley . . . claims she was denied her request for a statement from Officer Bailey." Dkt. 7 at 6. Not only did Ms. Billingsley's claim not focus on the denial of a *statement*

from Officer Bailey, but the right itself is the right to "call witnesses at their disciplinary hearing[.]" *Piggie*, 344 F.3d at 678. Ms. Billingsley requested Officer Bailey as a witness, and live testimony is the presumptive method of witness testimony. *See Whitlock v. Johnson*, 153 F.3d 380, 388 (7th Cir. 1998) ("We are . . . unconvinced by the prison's assertion that its policy of interviewing requested witnesses and summarizing their testimony in an unsworn report is a legitimate means of 'calling a witness' even when live testimony would be feasible."); *see also Doan v. Buss*, 82 Fed. Appx. 168, 170-71 (7th Cir. 2003) (rejecting the contention that "under *Wolff* oral testimony is not required as long as written statements are obtained"); *Ashby v. Davis*, 82 Fed. Appx. 467, 471 (7th Cir. 2003) (holding that "[t]he submission of a written [witness] statement is not by itself a valid reason for not appearing," and explaining that "[l]ive testimony is the presumption absent a valid reason for proceeding differently").

The respondent fails to offer any basis to overcome this presumption—such as institutional or security concerns—nor does the respondent maintain that Officer Bailey's testimony would have been "irrelevant, repetitive, or unnecessary." *Pannell*, 306 F.3d at 503. The Court is thus left without any explanation for why Ms. Billingsley was not permitted to have Officer Bailey offer live testimony at the hearing. *See Ponte v. Real*, 471 U.S. 491, 498-99 (1985) ("[T]o hold that the Due Process Clause confers a circumscribed right on the inmate to call witnesses at a disciplinary hearing, and then conclude that no explanation need ever be vouched for the denial of that right, either in the disciplinary proceeding itself or if that proceeding be later challenged in court, would change an admittedly circumscribed right into a privilege conferred in the unreviewable discretion of the disciplinary board. We think our holding in *Wolff*, meant something more than that.").

In the end, the respondent fails to even acknowledge that Ms. Billingsley has a presumptive right to call live witnesses for her disciplinary hearing. This, of course, precluded the respondent from providing a valid basis for denying Ms. Billingsley that right. The respondent also does not argue that any denial of the right to call witnesses was harmless. Nor, on the record before the Court, does it appear that any such argument would have merit. Simply put, Ms. Billingsley attempted to exercise her right to call witnesses and she was denied that right without explanation. This entitles her to habeas relief.

**D. Conclusion**

For the foregoing reasons, Ms. Billingsley's petition for a writ of habeas corpus is **granted**. The disciplinary sanctions imposed as a result of prison disciplinary proceeding MCU 17-07-0042 are **vacated**, meaning her lost good-time credits and credit class must be **immediately restored**, and her new release date must be calculated accordingly.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/29/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTINA MARIE BILLINGSLEY
124767
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
2596 Girls School Road
Indianapolis, IN 46214

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov